(95 Misc. Rep. 532)

### NECHAMKIN v. KENNEDY et al.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

PLEADING ☞385—EVIDENCE ADMISSIBLE UNDER BILL OF PARTICULARS—INJURY TO PERSONAL PROPERTY.

In an action for damages to an automobile, where plaintiff's bill of particulars stated only damages to the automobile, the admission of evidence of the cost of hiring an automobile and a chauffeur while his own was being repaired was erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1299; Dec. Dig. ☞385.]

Appeal from City Court of New York, Trial Term.

Action by Alexander Nechamkin against James Kennedy, impleaded with others. From a judgment entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial, defendant James Kennedy appeals. Judgment and order reversed, and new trial ordered, unless respondent stipulate to reduce the judgment, in which case judgment, as reduced, affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Grover C. Sniffen, of New York City (William Bondy, of New York City, of counsel), for appellant.

William Rabinowich, of New York City (Moses Feltenstein and Abraham Rosenstein, both of New York City, of counsel), for respondent.

GUY, J. On or about June 6, 1913, plaintiff's automobile was damaged by the pole of a two-horse truck, which it was claimed belonged

to the defendant James Kennedy, colliding with the automobile, and the defendant James Kennedy appeals from a recovery against him in favor of plaintiff.

On the conflicting evidence the jury was authorized to find that the truck belonged to the appellant, and that the driver was employed by the appellant, and acting within the scope of his employment at the time of the accident.

Against the objection of the appellant the trial court allowed plaintiff to introduce evidence of the cost to the plaintiff to hire, not only an automobile, but also a chauffeur, for the time during which it was claimed plaintiff's automobile was being repaired. On no theory could the amount paid by plaintiff for a chauffeur to drive a machine hired by him be an element of damage in this case. Further, under the order made in this action requiring plaintiff to furnish a bill of particulars, he was directed to state in detail the damages claimed, and in his bill the only damages stated were damages to the automobile, and it was accordingly error to admit evidence of the cost of hiring an automobile.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the respondent will stipulate within 10 days after service of a copy of the order entered hereon in the City Court, with notice of entry thereof, to reduce the judgment to the sum of $351.88, in which event the judgment, as so reduced, is affirmed, without costs of the appeal to either party. All concur.